IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIOREL ROTAR,

      Plaintiff,                            No. CIV S-07-0044 DFL EFB PS

      vs.

PLACER COUNTY SUPERIOR COURT, et al.,

      Defendants.                 FINDINGS & RECOMMENDATIONS

      This action, in which plaintiff is proceeding pro se, was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On February 9, 2007, plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and his complaint was dismissed with leave to amend. Plaintiff filed an amended complaint on March 7, 2007.

      The court's February 9, 2007, order set forth the deficiencies in plaintiff's original complaint and cautioned plaintiff that failure to amend the complaint in accordance with that order would result in a recommendation that the action be dismissed. Plaintiff's amended complaint, like his original complaint, seeks to sue immune defendants and otherwise fails to state a claim. The court therefore recommends that the action be dismissed.

      Plaintiff seeks to bring a claim under 42 U.S.C. § 1983 for violations of his constitutional rights. In addition, plaintiff alleges in the amended complaint that defendants violated his rights

1

under various treaties, including the International Covenant on Civil and Political Rights, the Convention against Torture and Other Cruel Inhuman and Degrading Treatment or Punishment, and the International Convention on the Elimination of All forms of Racial Discrimination.  The court addresses those claims first.

"Where Congress has not enacted authorizing legislation, a treaty gives rise to a private right of action only if it is 'self-executing'; i.e., if it either expressly or impliedly creates a private right of action to enforce rights described in the treaty." *White v. Paulsen*, 997 F. Supp. 1380, 1385 (E.D. Wash. 1998) (citations omitted) (finding neither the International Covenant on Civil and Political Rights or the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment to be self-executing treaties or otherwise giving rise to a private right of action).

"The International Covenant on Civil & Political Rights ("ICCPR") does not give rise to a private cause of action" because it is not self-executing, nor has Congress passed appropriate enabling legislation. *Jocham v. Tuscola* County, 239 F. Supp. 2d 714, 730 (E.D. Mich. 2003) (citing *United States v. Duarte-Acero*, 296 F.3d 1277, 1283 (11th Cir. 2002)).  The same is true as to the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. *Akhtar v. Reno*, 123 F. Supp. 2d 191, 196 (S.D.N.Y. 2000) (holding that because this treaty is not self-executing, its terms do not give rise to a private cause of action).  Neither does the International Convention on the Elimination of All Forms of Racial Discrimination give rise to a private right of action. *Johnson v. Quander*, 370 F. Supp. 2d 79, 101 (D.D.C. 2005) (concurring with the District of Connecticut in *United States v. Perez*, 2004 U.S. Dist. LEXIS 7500, No. 03-02, 2004 WL 935260, at *17 (D. Conn. April 29, 2004) and the United States District Court for the Southern District of New York in *Hayden v. Pataki*, 2004 U.S. Dist. LEXIS 10863, No. 00-8586, 2004 WL 1335921, at *7 (S.D.N.Y. June 14, 2004) that this treaty is not self-executing and does not create a private right of action).

////

Because none of the treaties invoked by plaintiff give rise to a private rise of action, the court finds that plaintiff has failed to state a claim under any of their respective provisions. Because amendment would be futile, the court recommends that these claims be dismissed.

Next, the court addresses plaintiff's reasserted claims against defendants Magistrate Judge Gregory G. Hollows and District Judge Morrison C. England, Jr. In its February 9, 2007, order, the court explained that even if plaintiff stated a claim against these defendants, both are entitled to absolute immunity for claims arising from actions taken within the course and scope of their judicial duties. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Mireles v. Waco*, 502 U.S. 9, 9 (1991). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor [or judge] whose malicious or dishonest action deprives him of liberty.'" *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)). Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id.* (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).

In the amended complaint, plaintiff complains that the dismissal recommended by Magistrate Judge Hollows, and adopted by Judge England, of a case he previously filed with this court (*Rotar v. Skaggs, et al.*, 2:06-cv-0970 MCE GGH PS) was improper. Because the complained of conduct relates to actions taken (or allegedly not taken) by both judges in the course and scope of their judicial duties, plaintiff's claims against these defendants must be dismissed.

The court next addresses plaintiff's claim against the California Department of Social Services and the Placer County Superior Court. Both defendants are arms of the state and therefore cannot be sued in federal court pursuant to the Eleventh Amendment. *See, e.g., Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (Eleventh Amendment bars suit against state superior court and its employees); *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir.1997), *amended at*, 127 F.3d 1135 (9th Cir. 1997) (state case law and

3

constitutional provisions make clear that California Superior Court is state agency); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987) (Eleventh Amendment bars suit against Superior Court of State of California regardless of relief sought). To the extent plaintiff also seeks to sue the individual judges named in the body of the complaint, such claims are barred under the doctrine of judicial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)

As explained in this court's February 9, 2007, order, plaintiff's claim against the California Department of Social Services is also barred by Eleventh Amendment. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir.1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100(1984)); *see also Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating the Eleventh Amendment bars virtually all suits seeking relief against a state, an "arm of the state," or its agencies). Plaintiff has made no allegation in his amended complaint showing that these defendants have consented to suit or otherwise effected a waiver of immunity. Accordingly, these claims should be dismissed.

Likewise, plaintiff has made no allegation in the amended complaint showing that the "Placer County D.A." should not be entitled to prosecutorial immunity. In the amended complaint, plaintiff alleges that the "Placer County D.A. [was] involved in files and evidence falsification, prosecuting with falsified files and evidence and without a complaint, terrorism by filing charges and dismissing a month later, presumption of guilt with no court decisions." First Amended Complaint ("FAC"), at 5:19-22. Because all of these allegations appear to implicate the Placer County prosecutors' conduct in prosecuting against plaintiff (and/or his wife), these claims are barred under the doctrine of prosecutorial immunity. Prosecutors are fully protected by absolute immunity when performing traditional activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) (it is "well established that a prosecutor

4

has absolute immunity for the decision to prosecute a particular case."); *Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal. 1984) (even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity).  Accordingly, these claims should be dismissed.

Next, the court addresses plaintiff's claims against "private actor" defendants, Atilla Kabay, Tunde Kabay, Ekaterina Kabay and Sigismond Kabays.  As explained in this court's February 9, 2007, order, plaintiff cannot state a claim against private actors under § 1983, unless he alleges some "significant state involvement" with their actions.  *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) (articulating various tests or factors to determine when state action is "significant" but noting absence of a specific formula) (citations omitted).  However, even state approval of or acquiescence to private actions does not constitute "state action."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 53 (1999) ("Action taken by private entities with the mere approval or acquiescence of the State is not state action.") (citations omitted).

In the amended complaint, plaintiff does generally allege that all defendants were acting "under color of state law."  However, plaintiff's allegations regarding these private actors is sparse and difficult to comprehend.  He appears to allege that they were "slave musters [*sic*]" who underpaid plaintiff, and gave false testimony in court.  *See* FAC, at 2:7-14.  Nonetheless, plaintiff fails to allege significant state involvement with these defendants' actions to state a claim under § 1983.  Accordingly, these claims should be dismissed.

This leaves plaintiff's claims against the Roseville Police Department, which he alleges was "involved in making false reports, false imprisonment, false testimonies, obtaining false warrants and discrimination."  FAC, at 6:1-2.  Plaintiff's allegations concerning the Roseville Police Department are extremely vague and include no detail as to dates, times, or the officers allegedly involved with these acts. Plaintiff was earlier cautioned by this court that it would not refer to prior pleadings in order to make an amended complaint complete. *See* E. D. Cal. L. R.

5

15-220; *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

The court also explained in its February 9, 2007, order that since there is no *respondeat superior* liability under § 1983, municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Washington County*, 88 F.3d 804, 811 (9th Cir.1996) (citation and quotations omitted) (alteration in original). Plaintiff's amended complaint fails to comport with the pleading requirements of the Federal Rules of Civil Procedure, as it does not put this defendant fairly on notice of the claims against it. *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) ("Rule 8(a)(2) requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Furthermore, plaintiff fails to make any allegations regarding any alleged governmental policy under which the Roseville Police Department committed the acts alleged. Accordingly, the court recommends that this claim also be dismissed.

In conclusion, plaintiff's amended complaint fails to correct the deficiencies identified by this court in its order dated February 9, 2007. Most of the defendants named by plaintiff – the Placer County Superior Court, the Placer County D.A., the California Department of Social Services, Magistrate Judge Gregory G. Hollows, and District Judge Morrison C. England, Jr. – are immune from suit. As to the remaining defendants, plaintiff has twice failed to state a claim against them, either under § 1983 or his newly asserted theories regarding various treaties. Accordingly, the entire action must be dismissed with prejudice. 28 U.S.C. § 1915(e)(2) (directing the court to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be

6

1 granted, or seeks monetary relief against an immune defendant).

2 Based on the foregoing, IT IS RECOMMENDED that:

3 1. Plaintiff's amended complaint be dismissed without further leave to amend; and,

4 2. The Clerk be directed to close this case.

5 These findings and recommendations are submitted to the United States District Judge 6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after 7 being served with these findings and recommendations, any party may file written objections 8 with the court and serve a copy on all parties. Such a document should be captioned "Objections 9 to Magistrate Judge's Findings and Recommendations." Failure to file objections within the 10 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 11 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

12 DATED: April 16, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE